If an appeal to this court can be taken from the order of the Supreme Court setting aside the judgment in the action, the authority for it must be found in the second subdivision of section eleven of the Code, as it has been held that the third subdivision applies only to orders in proceedings based upon and which assume the validity of the judgments in the actions in which the orders are made. (Humphrey v. Chamberlain, 1Kern., 274; Dunlop v. Edwards, 3 Comst., 341.)
The second subdivision gives this court jurisdiction to review upon appeal every determination made by the Supreme Court at general term, "in an order affecting a substantial right, made in such" (an) "action, when such order in effect determines theaction and prevents a judgment from which an appeal might betaken." The motion, on the decision of which the order in question was made, was to set aside the judgment and execution for irregularity, and the judgment and execution only were set aside, leaving the other proceedings in the action unaffected. If the action had ever been commenced, the order left it pending and undetermined. It did not, in effect or otherwise, determine the action. But it is insisted that the judgment was set aside on the ground that the service of the summons was a nullity, and that such was the decision and is now the law of that court, and that no proceedings can be predicated on the service of the summons until the decision is reversed, and consequently that a judgment in the action is prevented. To render the argument, if sound, of any avail to the plaintiffs, it must be assumed that the service of the summons was sufficient to bring the defendant into court, or to authorize the judgment, as, if otherwise, the decision of the court was right and should be affirmed. The service of the summons was by the authority and pursuant to the directions of the chamber order, made, or purporting to be made, under the act of 1853, and that order was not set aside by the general term, but remains in full force; and if it was authorized by the proof before the *Page 245 
judge when it was made, the action is still pending and the plaintiff may proceed to judgment therein. The Supreme Court has not passed upon the validity of that order or the service under it; at least, it is not to be assumed or inferred that such is the fact, as the order of the court is silent in relation thereto; and we have no right to pass upon the validity of the chamber order, as it has not been appealed from, and no appeal to this court could be taken therefrom. It necessarily follows, either that the Supreme Court was right in setting aside the judgment, on the ground that the chamber order and the service under it were void, in which case the order appealed from should be affirmed, or that the action is still pending, in which latter case the appeal should be dismissed. The plaintiffs' appeal is based upon the supposition that the first order and service under it were valid, and, as before suggested, we have no right to decide to the contrary, as that question is not before us. We must assume that the action was well commenced and is yet pending.
The order appealed from, therefore, neither "determines the action" nor "prevents a judgment from which an appeal might be taken," and consequently no appeal can be taken therefrom to this court.
I think the appeal should be dismissed.