BANK OF GENESEE *v.* SPENCER.

An order of the Supreme Court, refusing to set aside an execution issued without leave, after five years, is not appealable.

*It seems* that such an execution is not void, but only voidable, in the discretion of the court from which it issued.

APPEAL from the Supreme Court. In 1846 the plaintiff recovered judgment in that court against Spencer, Thomas and Burnet, who resided in different counties, and execution was immediately issued to the sheriffs of each of the counties, and was by them respectively returned unsatisfied. Burnet having died, the plaintiff, in 1854, issued an execution to the sheriff of Erie county, where Spencer then resided, against him and Thomas, the surviving defendants, without any application to the court for leave to do so. This execution having been returned unsatisfied, the plaintiff instituted proceedings supplementary thereto before the county judge of Erie, before whom Spencer was compelled to appear, and an order of reference to take his examination was made on the 24th February, 1855. He appealed from that order to the Supreme Court, by which it was affirmed, and he then appealed to this court. Pending the last appeal, and in October, 1855, he moved the Supreme Court, at special term, to set aside the execution for irregularity. The motion was denied, and the order denying it having been affirmed at general term in the eighth district, Spencer appealed to this court.

*John H. Reynolds,* for the appellant.

*Joshua L. Brown,* for the respondent.

PRATT, J. The order of the Supreme Court, from which this appeal is brought, is clearly not appealable. It neither affects a substantial right, nor is it a final order in a summary application in an action after judgment, within the provisions of the 11th section of the Code.

First. It does not affect a substantial right. 1. If an execution, issued after five years from the time of perfecting judgment without leave of the court, be absolutely void, there is no pressing necessity for setting it aside. It would constitute no defence to an action against the party issuing

it for any act or proceeding under it. The defendant would have his action for any interference with his property or person under it. This would afford sufficient protection to his rights. 2. If the execution is voidable merely, whether it ought to be set aside or not is a question necessarily to be addressed to the discretion of the court below. Neglect on the part of the defendant to make his motion with due diligence would constitute a sufficient reason for denying the motion in such case. And whether due diligence had been used, or whether any apparent laches had been sufficiently excused, must, from the nature of things, be deemed merely matters of practice in that court. This court cannot review the discretion vested in that court in such matters.

Secondly. It is not a final order in a summary application in an action after judgment. If any question of practice can be settled in this court by adjudication, this is one. It was decided in *Sherman* v. *Felt* (3 *How. Pr. R.*, 425), that that provision of the Code did not refer to an ordinary motion to set aside proceedings for irregularity, or as a matter of favor, but that it referred to an application assuming the validity of the judgment, and based upon it, which itself might terminate in a final order in the nature of a judgment, such as an application for surplus moneys upon a sale in a foreclosure suit, or for an order of sale for non-payment of installment becoming due subsequent to the judgment. The same construction was given to that section of the Code, in *Dunlop* v. *Edwards* (3 *Comst.*, 341), *Humphrey* v. *Chamberlin* (1 *Kern.*, 274), and *Jones et al.* v. *Derby* (16 *N. Y.*, 242).

These motions, to set aside proceedings for irregularity or as a matter of favor, are left by the Code to the control of the court in which the action is pending. To entertain appeals to this court from orders of that kind would soon overwhelm the court with that kind of business alone. This consideration would of course not justify this court in

Bank of Genesee *v.* Spencer.

disregarding the requirements of the statute, but it should not be overlooked in an inquiry in regard to the proper con-struction of that statute.

The appeal should be dismissed with costs.

DENIO, J. I am of opinion that the execution which the Supreme Court was applied to to set aside was not void but only voidable. There was a judgment which warranted such process, and it had not been paid or released. The practice of the court, now regulated in that particular by statute, forbade the issuing of execution, after the lapse of five years, without an application to the court, or notice and proof that the judgment or a part of it remained unsatis-fied. ( *Code*, §§ 283, 284.) Generally, where an act is done contrary to the provisions of a statute, it is wholly void, unless it fall within the class of merely directory provisions, the omission to conform to which does not wholly vitiate the proceeding. This is not a case of that kind. But when the whole practice of the court came to be regulated by statute, it was foreseen by the legislature that great inconvenience would ensue from the principle referred to, as it would preclude the courts from relieving parties from slips in practice, arising from inadvertant omissions and mis-takes. This power was very useful, and indeed indispen-sable, for without it there would be danger, in any stage of the case, that the rights of parties might be sacrificed to the requirements of form. It was necessary, therefore, to qualify the rule of the common law as to the effect of statutes, and section 174 of the Code was inserted for that purpose. The general intention of this section is to render the statu-tory rules of practice equally flexible with those which the courts had established to regulate their proceedings. It declares, among other things, that the court may, in its dis-cretion and upon such terms as may be just, "supply an omission in any proceeding," and that "whenever any pro-ceeding taken by a party fails to conform in any respect to

the provisions of this Code, the court may, in like manner and on like terms, permit an amendment of such proceeding, so as to make it conformable thereto."

There was always a time after which a party who had recovered a judgment was not at liberty to sue out execution without an application to the court. Formerly, the time was a year and a day; and the form of obtaining an award of execution, when one had not been issued in time, was by *scire facias quare executionem non.* Afterwards it was extended by the Revised Statutes to two years. (2 *R. S.*, 363, § 1.) By the Code it was further extended, as we have seen, to five years, and the mode of obtaining leave was an application to the court on motion. Under the former practice, it was well settled that the execution, if issued too late, was not void. (*Woodcock* v. *Bennet*, 1 *Cow.*, 711.) It was liable to be set aside on motion, but such motion, like all others, must be made promptly; and if it appeared that the defendant had consented to the execution being issued, or if there were any circumstances which in fairness and equity precluded him from availing himself of the irregularity, the motion would not prevail. (*Morris* v. *Jones*, 2 *Barn. & Cres.*, 232.) There is no reason why the same practice should not obtain under the Code. The section above cited would enable the court, in its discretion, to relieve the plaintiff, and to uphold the execution, though irregularly issued, upon such excuse as it should consider satisfactory, and subject to such terms and conditions as it might think fit to impose.

The question, therefore, whether this execution ought to have been set aside, addressed itself to the discretion of the Supreme Court, and it was a matter of practice of the same nature with the mass of questions relating to the regularity of proceedings which daily come before that court. If the motion which was made to set it aside was a summary application after judgment, the decision was not an order affecting a substantial right within the 3d subdivision of

section 11 of the Code. It related to the form and order of proceedings, and was the exercise of the jurisdiction of the court to control and regulate its process. Orders in such cases are not the subjects of appeal here.

SELDEN and HARRIS, Js., were absent; all the other judges concurring,

Appeal dismissed.