FREEMAN CLARKE *v.* THE CITY OF ROCHESTER.

An order granting or refusing an extra allowance of costs is only reviewable,
   if at all, as an intermediate order, on an appeal from the judgment.
Such is not a "final order, affecting a substantial right," within the meaning of
   the third subdivision of the eleventh section of the Code of Procedure.

APPEAL from an order of the Supreme Court denying a motion for an extra allowance of costs.

The action was commenced in 1854. It was tried at the circuit, and judgment went in favor of the plaintiff. On appeal, the General Term reversed the judgment, and ordered a new trial.

It was tried a second time, at the Monroe Circuit, in October, 1857, and judgment was ordered for the defendant. From this judgment the plaintiff appealed to the General Term, and then to this court, in both of which courts the judgment was affirmed. The decision of this court was made at the March Term, 1864. The remittitur was filed in the Supreme Court in May, 1864, and an order entered *ex parte*, making the judgment of the Court of Appeals the judgment of the Supreme Court. No formal judgment has been entered up, and the costs in the Court of Appeals have not been adjusted.

At a Special Term of the Supreme Court held in the county of Monroe in June, 1864, by Mr. Justice WELLES (who had nothing to do with either of the trials at the circuit), a motion was made by the defendant for a further or additional allowance of costs, under § 309 of the Code. The motion was denied; and from the order of the Special Term denying the motion the defendant appealed to the General Term, when, in March, 1865, the order was affirmed. From this latter order the defendant appeals to this court.

The reasons for the denial of the motion at the Special Term are not stated in the order; but from what purports to be an opinion of Mr. Justice WELLES, printed with the motion papers, he appears to have placed his decision upon

the ground that it was too late in the cause to make the allowance. Nor are there any reasons given for the affirmance by the General Term.

*T. R. Strong*, for the appellant.

*Geo. G. Munger*, for the respondent.

WRIGHT, J. This is an appeal from an order denying a motion for a further or additional allowance of costs. The defendant had judgment at the circuit, in October, 1857, and the plaintiff appealed therefrom to the General Term, and to this court, in both of which courts the judgment was affirmed. Our decision was given in March, 1864, and in May following, the remittitur was filed in the Supreme Court, and an *ex parte* order entered, making our judgment the judgment of that court. In June, 1864, the defendant moved, at Special Term, for a further allowance of costs, which motion was denied, and on appeal to the General Term, the order denying it was affirmed. The defendant has appealed from the last mentioned order, and the question is, whether it is reviewable in this court. I think it is not. It certainly is not, unless an order granting or refusing a further allowance of costs to a prevailing party, under section 309 of the Code, is "a final order, affecting a substantial right," within the meaning of the third subdivision of the eleventh section of the Code. That it is not, is very plain. The orders there referred to are those made after judgment in the action, in some proceeding or application based upon matters supplemental to, or occurring subsequently to the judgment or arising out of the carrying it into effect; and this is the uniform construction given to the provision by this court. (*Sherman* v. *Felt*, 2 Comst., 186; *Dunlop* v. *Edwards*, 3 id., 341; *Humphry* v. *Chamberlain*, 1 Kern., 274; *Jones* v. *Derby*, 16 N. Y., 242; *Bank of Genesee* v. *Spencer*, 18 id., 150.) An order granting or refusing an extra allowance of costs is one necessarily made before judgment, for the costs enter into and form a part thereof; and is only reviewable, if at all, as an intermediate order, on an appeal from the

judgment. Of course, the conclusion is an absurd one, that such an order is embraced within the description of orders enumerated in the subdivision of the section referred to.

I think, therefore, that we have no jurisdiction to review the order in question. If such an order is reviewable it is only upon an appeal from a judgment, and I am of the opinion that even in such a case, jurisdiction is not given to us. Upon an appeal from a judgment, we may review any intermediate order involving the merits and necessarily affecting the judgment. (Code, § 11, sub. 1.) An order as to costs has no relation to the merits of the action, and granting or refusing them, is not "necessarily affecting the judgment," in the sense of the provision. But it is unnecessary to elaborate this view of the case, as there is here no appeal from a judgment.

The appeal should be dismissed.

Appeal dismissed.