MALINDA J. McCLURE, RESPONDENT, v. BOARD OF SUPERVISORS OF NIAGARA COUNTY, APPELLANTS.

*Practice—Adjustment of Costs—Non-appealable Order—Judgments against Municipal Corporations—Statute in relation to Costs.*

An appeal does not lie to this court from an order of the Supreme Court adjudicating costs.

The law of 1859 (ch. 262, § 2), providing that no costs, fees, disbursements, or allowance shall be recovered or inserted in any judgment against municipal corporations, unless the claim upon which such judgment is founded shall have been presented for payment to the chief fiscal officer of such corporation before the commencement of an action thereon, does not apply to a cause of action arising ex delicto.

*G. D. Lamont* for Appellants.

*P. L. Ely* for Respondent.

DAVIES, CH. J.—In the Supreme Court the Plaintiff recovered judgment against the Defendants, and the costs were adjusted by the clerk at the sum of $206.77.

The Defendants appealed therefrom to the Special Term, where such allowance and adjustment were affirmed, and that order was affirmed at the General Term. From this order the Defendants appeal to this Court.

The Defendants claim that the Plaintiff is not entitled to costs, by reason of the provisions of the second section of chapter 262 of the Laws of 1859. That section declares, that " no costs, fees, disbursements, or allowance shall be recovered or inserted in any judgment against municipal corporations, unless the claim upon which such judgment is founded, shall have been presented for payment to the chief fiscal officer of such corporation, before the commencement of an action thereon."

The suit is brought for damages sustained by the Plaintiff for the destruction of her property by a mob or riot, and to enforce the liability of the county therefor, under the 428th chapter of the Laws of 1855.

The claim upon which the action was founded was not presented for payment to the County Treasurer of Niagara county, nor

to any officer of the county, nor to the Board of Supervisors of said county, before the commencement of the action thereon.

The order is clearly not appealable to this Court. It is not a final order affecting a substantial right in an action after the judgment. It is part of the judgment itself; and if appealable at all, is reviewable by this Court only upon an appeal from the judgment.

It is not an order which in effect determines the action and prevents a judgment. The case of Clarke v. The City of Rochester (34 N. Y. 355) is quite decisive of this view, and the appeal should therefore be dismissed, with costs. I think that upon the merits the order should be affirmed. The provision in the act of 1859 was clearly intended to protect municipal corporations from the payment of costs for demands which in their nature were capable of audit, and which the authorities were authorized to pay on presentation and adjustment.

The intent of the statute is plain. It could never have contemplated that claims sounding in damages, the amount of which could only be ascertained by an investigation and the examination of witnesses, should have been presented for payment, before suit brought.

Two questions would always immediately arise: 1, The corporate liability; and 2, The amount of damages. A claim of the character like that in controversy in this action is not within the meaning and intent of the second section of the act of 1859. Such were the views of this Court in the case of Howell v. The City of Buffalo (15 N. Y. 512). The charter of that city contained a similar provision to that found in the second section of the act of 1859. The Plaintiff sued the corporation of Buffalo for taking and conveying away and converting to its own use certain bank notes, of the value of $355, the property of the Plaintiff.

The provision in the charter was: " It shall be a sufficient bar. and answer to any action or proceeding in any Court, for the collection of any demand or claim, that it has never been presented to the council for audit or allowance." It appeared that the demand or claim of the Plaintiff had never been presented to the

council for audit and allowance, and the corporation claimed that consequently the Plaintiff was not entitled to recover.

The Court held that claims arising ex delicto were not required, by this section of the charter, to be submitted for examination and audit to the Common Council before action brought.

We are cited to a decision of the General Term of the Second District (36 Barb. 226), holding a contrary doctrine. That Court was of the opinion that the provisions of the 2d section of the act of 1859 were applicable to claims for damages on account of the negligence or misconduct of the city authorities, as well as to demands upon contract.

This learned Court does not seem to have had its attention called to the case of Howell *v.* The City of Buffalo (supra). If it had, we are to assume its decision would have been conformed to it.

We cannot regard this case as an authority for departing from the principle enunciated by this Court in Howell *v.* City of Buffalo ; and if we were called upon to pass upon the merits of the order appealed from, we should have no hesitation in standing by the doctrine there laid down, and holding that this second section of the act of 1859 does not apply to a claim of the character presented in this action.

The appeal should be dismissed, with costs.

All concur.

Dismissed.