The Superior Court were clearly right in holding that the time which elapsed between the reversal of the original judgment by that court, in 1864, and its restoration, by the judgment of this court, was not to be reckoned as any part of the five years from the entry of the judgment, after which an execution cannot issue without leave of the court, under section 284 of the Code.
By section 283, an execution may issue at any time within five years from the entry of the judgment. If the party entitled to execution delays issuing it for that period; he cannot thereafter issue it as of course, but only on application to the court, upon notice to the defendant. If, after judgment has been rendered, the judgment debtor procures a reversal of the judgment, which reversal is afterward set aside, there is, during the intermediate term, no judgment upon which execution can issue, and no laches can be imputed to the other party. Section 284 was intended to apply to the case of an omission to issue execution for five years, when the right to issue it during that time continues. Any other construction would enable the judgment debtor, by procuring a stay of proceedings, or by protracting the litigation, to limit and, perhaps, defeat the right of the plaintiff to issue execution as of course, given by section 283.
But the appeal must be dismissed, on the ground that no appeal lies to this court from the order made in this case. *Page 249 
The precise question was determined in The Bank of Genesee v.Spencer (18 N.Y., 150).
The appeal should be dismissed.
All concur.
Appeal dismissed.