Speir, J.
In this case the plaintiff obtained a judgment against the defendant, but execution was not issued until after five years after the entry of the judgment. It appears that the attorney who issued the execution was under the impression that an execution had been issued and returned “no goods found.” Motion is now made to set aside the judgment and execution. The motion to set aside the judgment must be denied on the merits. The issuing of the execution is not void, but only voidable in the discretion of the court. The Code (§§ 383 and 384) forbids the issuing of the execution after the lapse of five years, without an *208 application to the court on notice and proof that the judgment, or a part of it, remained unsatisfied. Although it is generally the rule that where an act is done contrary to the provisions of a statute it is wholly void, unless it fall within the class of merely directory provisions ; this rule of the common law as to the effect of the statutes was modified by section 174 of the Code, which declares among other things, that the court may, “whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code, in like manner and on like terms permit an amendment of such proceedings, so as to make it conformable thereto.” This case affords an illustration of the wisdom of this enactment, for without it the rights of the parties would be sacrificed to the requirements of form. The judgment warranted the process by execution, and it had not been paid or released. The motion must be denied.
There was no appeal.