HIRAM LOSSEE, APPELLANT, *v.* HALSEY ELLIS AND OTHERS, RESPONDENTS.

*Action to foreclose mortgage — costs — error of referee as to — how corrected.*

In an action to foreclose a mortgage the costs are in the discretion of the court.

Where a referee in such a case decides that the plaintiff is only entitled to certain costs, his error, if any, can only be corrected by an appeal from the judgment, and not upon a motion.

APPEAL by the plaintiff from two orders made at a Special Term of this court, one of which denied plaintiff's motion for a retaxation and further allowance of costs in said action, and the other of which granted defendants' motion for a retaxation and reduction of costs.

*F. W. Hubbard*, for the appellant.

*W. F. Ford*, for the respondents.

MULLIN, P. J. :

The plaintiff brought an action to foreclose a mortgage ; the defendants, or some of them, appeared and answered.

The issues were referred for trial to a referee, who, after hearing the proofs and allegations of the parties, ordered judgment of foreclosure and sale in favor of the plaintiff, with costs from the time one of the defendants was brought in, which was after the issue was joined as to the other defendants.

The plaintiff's counsel made out and served a full bill of costs in behalf of the plaintiff and presented it to the clerk of Jefferson county for adjustment.

The defendants' counsel appeared on the taxation and objected to the allowance of the following items in said bill, viz.:

| | |
|---|---:|
| Allowance under section 308 of the Code in force prior to September 1, 1877 | $47 93 |
| Term fees, April and June | 20 00 |
| Drawing interrogatories to annex to commission | 10 00 |
| | $77 93 |

By the moving affidavit, it appears that defendants' counsel objected to these items as not admissible under the decision of the referee, and the clerk rejected them on that ground.

The plaintiff's counsel then moved, at a Special Term, for a readjustment of said costs and the allowance of the items thus rejected. The motion was denied and plaintiff appeals.

At the taxation, the clerk allowed to the plaintiff the following items charged in plaintiff's bill of costs, viz.:

| | |
|---|---:|
| Costs before notice of trial | $25 00 |
| Costs after notice of trial | 15 00 |
| Three additional defendants served | 6 00 |
| | $46 00 |

The defendants' counsel moved, at Special Term, for a readjustment and disallowance of these items, on the ground they were not allowable under the judgment of the referee.

After hearing the counsel for the parties the court ordered a readjustment of the costs and the disallowance to plaintiff of fifteen dollars, being the amount charged as costs after notice of trial. From both these orders plaintiff appeals.

It has been repeatedly held that in actions for the foreclosure of mortgages the costs are in the discretion of the court. (*Morris* v. *Wheeler*, 45 N. Y., 708; *Pratt* v. *Ramsdell*, 16 How. Pr., 59; *Bartow* v. *Cleveland*, 16 How., 364; Code, § 306.)

The counsel for the plaintiff refers us to *Hunt* v. *Chapman* (51 N. Y., 555) as overruling this proposition, and holding the plaintiff, if he recovers a judgment, entitled to costs and that they are not in the discretion of the court. I do not understand the case as deciding any such proposition. Had it been the intention of the Court of Appeals to overturn a rule of law that has been in force for so long a time and so uniformly acted upon it would have been quite likely to have said so in unequivocal terms. The question in the case cited was whether the defendant was entitled to have a counter-claim allowed in an action for foreclosure, and it was held that it could be, as an action of foreclosure was an action on a contract within section 150 of the Code. This comes far short of holding that in such an action the plaintiff, if he recovers, is entitled to costs as a matter of course.

If these costs are in the discretion of the court the referee, in the exercise of it, held and decided that the plaintiff was not entitled to them until after one of the defendants was brought in, and that was after the trial was commenced at Special Term. The clerk was bound to conform to the judgment in the adjustment of the costs in the cause, and having refused to do it, the judge at Special Term was right in setting it aside and disallowing costs not in conformity to the judgment.

If the plaintiff was right in his position that he was entitled to the whole costs in the cause, notwithstanding the decision of the referee, the error could not be corrected by motion. The costs were part of the relief granted in the cause, and any error in the relief could only be reached by appeal from the judgment. (*Clarke* v. *City of Rochester*, 34 N. Y., 355; *McGregor* v. *McGregor*, 32 id., 479.)

The orders of the Special Term are affirmed, with ten dollars costs, and disbursements in one appeal only.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Orders of Special Term affirmed, with ten dollars costs, and disbursements in one appeal only.