THEODORE FREAN, RESPONDENT, v. THOMAS GARRETT, APPELLANT.

24h 161
a56ad167

*Execution issued after the lapse of five years from the entry of judgment — when the court will refuse to set it aside — Code of Civil Procedure, § 1377.*

Where upon the hearing of a motion to set aside an execution because issued for the first time more than five years after the entry of the judgment, it appears that the facts are such as would have required the court to have granted leave to issue it, if an application therefor had been formally made, it is not an abuse of judicial discretion for the court to refuse to set it aside.

*Quære* as to what constitutes the return of an execution " unsatisfied or unexecuted," as those terms are used in section 1377 of the Code of Civil Procedure.

APPEAL from an order denying a motion to set aside an execution issued in August, 1880, upon a judgment recovered in May, 1870.

*N. J. Wyeth,* for the appellant.

*Thomas G. Swartwout,* for the respondent.

BARNARD, P. J.:

The issuing of an execution upon a judgment more than five years after the recovery of the judgment for the first time, does not of necessity render the execution void. (*Bank of Genesee* v. *Spencer,* 18 N. Y., 150.)

It is not disputed but that the judgment is valid and has never been paid in whole or in part. In such a case it is discretionary with the court to refuse to set aside the execution. Where it appears that the facts would require leave to have been given if formally asked for, it is not an abuse of judicial discretion to refuse to set aside an execution issued without leave. In this case there is the additional important fact appearing that the plaintiff did issue an execution within the five years, and that it was returned by the sheriff " withdrawn," without the authority of the plaintiff or his attorney. It is doubtful under the present section of the Code of Civil Procedure (1377), which permits an execution after five years, in case one was issued within five years of the recovery

of the judgment if returned "unsatisfied or unexecuted," whether in this case the execution was not properly issued without leave of the court. The execution was not executed unless a return of "withdrawn" by the sheriff leaves it as if never issued. This is a question not necessary to be decided, as upon the facts of the case there is no reason why the execution should be set aside.

Order affirmed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.