AULTMAN & TAYLOR CO. v. SYME et al.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. FRAUDULENT CONVEYANCE.

The mere fact that a legacy assigned by a debtor to his wife exceeds his indebtedness to her will not support an action by a creditor to set the assignment aside, even as to the excess, where, so far as appears, the debtor had other property, at the time of the assignment, amply sufficient to pay all his debts in full.

2. RES JUDICATA.

A former decision by the court that a given execution is insufficient to support an order for an examination in supplementary proceedings involves the conclusion that it is insufficient as a basis for a creditors' suit thereafter brought to set aside an assignment made by the debtor.

Appeal from special term.

Action by the Aultman & Taylor Company against Frederick J. Syme and another. From a judgment entered on a verdict for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Edward F. Brown, for appellants.

Wm. H. Blymyer, for respondent.

PATTERSON, J.   This is an action by a judgment creditor to set
aside a transfer or assignment made by Frederick J. Syme, its debtor,
to his wife, of all the assignor's interest as a residuary legatee under
the will of David H. Syme.   The assignment referred to, which it
was sought to set aside, so far as may be necessary to enable the
plaintiff to realize its judgment from the assigned property, was
made at the city of New York on the 18th day of September, 1890,
and its recitals declare that both the assignor and the assignee
are of the city, county, and state of New York.   David H. Syme was
a resident, at the time of his decease, of the city of New Orleans.
in the state of Louisiana.   His will was proven in Louisiana, and
the distribution of his estate was had in that state.   By one of its
provisions he bequeathed to Frederick J. Syme the sum of $25,000
in certain securities.   The will was filed in the court of Louisiana
in August, 1890, and it appears by the account of the executors
of his estate that Frederick J. Syme received $20,100 of the particu-
lar legacy.   The evidence also discloses that, under the will of one
John Syme, the defendant Frederick J. Syme was entitled to a leg-
acy of $10,000, that will being also filed in the court of Louisiana
in the month of May, 1890.   Frederick J. Syme was also the residu-
ary legatee under the will of David Syme, and it was his interest as
a residuary legatee that passed to his wife under the assignment
assailed in this action.   There was a consideration for that assign-
ment, namely, the sum of $10,000, moneys of his wife which the
assignor had received from her.   Much of the consideration of the
assignment is not attacked, nor is it claimed by the plaintiff that it
was incompetent for the assignor to pay his indebtedness to his wife
out of his interest in the residuary estate.   The action proceeds
upon the theory that the instrument of assignment is fraudulent as
to creditors to the amount of the excess of the residuary estate over
the debt due from the husband to the wife.   The parties to the in-
strument of assignment being residents of the state of New York,
its validity, like all other contracts, is to be determined by the law
of the place at which it was made.   While the administration and
the disposition of the residuary estate in the hands of the executors
of David H. Syme is to be regulated and controlled by the laws of
Louisiana, yet, the contract being made in this state, its validity
must be determined by our laws.   Certainly the assignment is good
to the extent of $10,000.   That is not disputed.   It can be avoided,
if at all, as to the surplus of the interest assigned, only upon the
establishment by competent proof of such facts as would authorize
the setting aside of any conveyance made with intent to hinder, de-
lay, and defraud creditors.   There is no adequate proof in this case
of any intention on the part of the wife to participate in a fraud,
nor is there sufficient evidence of any intent on the part of the as-
signor to dispose of his residuary interest in this estate to prevent

its being reached by his creditors. There is nothing to show that at the time of the assignment, namely, in September, 1890, Frederick J. Syme was indebted to any one but this plaintiff. There is no evidence that he made any general or particular disposition of property to his wife, or any one else other than of this residuary interest in his uncle's estate. It is not shown that at the time that transfer was made he knew the extent of that residuary interest, nor is it shown that by the disposal of that interest he left himself without property from which to pay all indebtedness he might have owed. He still remained the owner of the particular legacy under the will of David Syme, and of the particular legacy under the will of John Syme, and there is no act or thing appearing in the record from which an inference can be drawn that he was not in such a position as would authorize him to make, in addition to the payment of his wife's debt, a gift to her of the excess of his interest in the residuary estate of David Syme. Here there are no circumstances beyond the mere fact of the execution and delivery of the instrument of assignment, and the apparent disproportion between the consideration and what was ascertained to be the amount of the interest assigned, on which to predicate a charge of fraud. It also appears, inferentially at least, that Frederick J. Syme retained a large amount of property, consisting of the particular legacies, vastly more in amount than enough to pay the plaintiff's claim, which is the only debt we are informed of as existing at the time the assignment was made. Upon the merits of the case, therefore, we must hold that the proof was insufficient to authorize the judgment; but, in addition, it must be considered as the settled law of this particular case that the plaintiff was not in a position to bring this action. The execution which was returned unsatisfied, and made the basis of this suit, was issued more than five years after the judgment was entered, and without the permission of the court being obtained. It is unnecessary to discuss the point as to whether that was a mere irregularity or not. It was decided by the general term of the supreme court, as to this particular execution, that it could not be made the basis of an order for an examination in supplementary proceedings, it not having been issued until after the expiration of the proper time, and no application to the court having been made, and that, therefore, the court had no jurisdiction. Aultman & Taylor Co. v. Syme, 87 Hun, 295, 34 N. Y. Supp. 379. The question seems to have been reargued, with the same result. Aultman & Taylor Co. v. Syme, 91 Hun, 632, 36 N. Y. Supp. 528, and 148 N. Y. 755, 43 N. E. 985.

If the execution were not sufficient to support an order of the character referred to, it was not sufficient as a foundation for the creditors' bill. The same requirement exists as to both the special proceeding and the action. Until all the remedies available under an execution have been exhausted, supplementary proceedings are not available. Bank v. Martin, 49 Hun, 571, 2 N. Y. Supp. 315. The adjudication, therefore, of the supreme court, which declared the execution on the plaintiff's judgment to be insufficient to confer jurisdiction to support supplementary proceedings, also determines that it was insufficient to support the creditors' bill.

Upon these views, it follows that the judgment appealed from was wrong, and must be reversed, and the complaint dismissed, with costs.

VAN BRUNT, P. J., and WILLIAMS and INGRAHAM, JJ., concur.

O'BRIEN, J. Upon this record I think there was sufficient evidence to justify the conclusion reached by the trial judge that the assignment as to the amount over $10,000 was with intent to defraud. It is useless, however, to spend time summarizing it, as I agree that the judgment must fall because of the failure to issue the execution within five years.