THE AULTMAN & TAYLOR COMPANY, Appellant, *v.* FREDERICK J. SYME, Respondent.

*Creditor's suit — laches — effect of a failure to move promptly to set aside an execution issued after the lapse of five years without leave of the court.*

A creditor's action, founded upon an execution issued after the lapse of five years from the entry of the judgment, without leave of the court, was commenced in November, 1889, the defendant being aware at the outset that the execution was issued after the lapse of five years.

In April, 1896, the plaintiff made a motion for leave to issue a fresh execution or to obtain an order, to be entered *nunc pro tunc*, authorizing the one existing, which motion was opposed by the defendant and denied.

The Appellate Division, in December, 1897, decided that the execution did not afford a basis for the creditor's action, but, on appeal to the Court of Appeals, that court in May, 1900, decided that the execution was valid until it was set aside.

In September, 1900, after the cause had been placed upon the calendar for a retrial, the defendant served a notice of motion to set aside the execution.

*Held*, that the defendant was guilty of *laches* in failing to move promptly in correction of the irregularity, and that his motion should be denied.

VAN BRUNT, P. J., and INGRAHAM, J., dissented.

APPEAL by the plaintiff, The Aultman & Taylor Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of October, 1900, setting aside an execution upon the ground that more than five years had elapsed since the entry of the judgment at the time when the execution was issued.

*William H. Blymyer*, for the appellant.

*Edward F. Brown*, for the respondent.

HATCH, J.:

The law has been settled in this case, and as settled it is decided that the execution upon which the creditor's action was founded was issued after the lapse of five years from the entry of the judgment without leave of the court being first obtained. (*Aultman & Taylor Co.* v. *Syme*, 23 App. Div. 344; S. C. on appeal, 163 N. Y. 54.) Such fact, however, did not render the execution void; it was only voidable and subject to be set aside upon motion. (*Bank of Genesee* v. *Spencer*, 18 N. Y. 150.)

When the case was before this court it held that the execution could not be made the basis upon which to found a creditor's action. The Court of Appeals disagreed with this view, holding that, as the execution was not void but only voidable, it stood as a valid execution until it was set aside, and the court, therefore, held that it was error to dismiss the complaint. In this respect the decision is in harmony with the views of that court as expressed in *Wright* v. *Nostrand* (94 N. Y. 31, 47). The views of the courts upon this subject seem to be that such an execution may not, in all cases, be set aside by the moving party as matter of strict right, but that the application is addressed to the sound discretion of the court. When the motion is made promptly upon discovery of the fact the court is undoubtedly required to set the execution aside. But it is like all other motions to correct irregularities. The party is bound to move or he will be deemed guilty of *laches* or be held to have waived

the defect or elected to acquiesce therein. As was said by Judge Denio in *Bank of Genesee* v. *Spencer* (*supra*): "It (the execution) was liable to be set aside on motion, but such motion, like all others, must be made promptly, and if it appeared that the defendant had consented to the execution being issued, or if there were any circumstances which in fairness and equity precluded him from availing himself of the irregularity, the motion would not prevail." This rule is inferentially enunciated by the Court of Appeals in this case, as the court say: "An execution issued without leave after the lapse of five years is not void, but only liable to be set aside on motion." (P. 65.) The court cites the case from which we have quoted and the page whereon the quotation is found. The Supreme Court has held (*Frean* v. *Garrett*, 24 Hun, 161) that where it appeared that a valid judgment was in existence, and that the court would have granted leave to issue execution had an application been made, it furnished ground for denying a motion to set it aside, although it had been issued without leave. The courts at Special Term have quite uniformly adopted such rule. (*Wooster* v. *Wuterlich*, 2 Abb. N. C. 206; *Winebrener* v. *Johnson*, 7 Abb. Pr. [N. S.] 202.) It must now be assumed, we think, that the judgment upon which this execution was issued was a valid judgment. If it had not been so assumed the Court of Appeals would, of necessity, have dismissed the complaint, but so far from doing this it held that such conclusion was error upon the record then before it.

This action was commenced on the 14th day of November, 1889, and the litigation had continued for eleven years. The defendant was aware at the outset that the execution was issued after the lapse of five years, as he asserted such claim and was successful in establishing it. The decision of this court was rendered in December, 1897, and by the Court of Appeals in May, 1900. The defendant served his notice of motion to set the execution aside on September 22, 1900, for a hearing on October first following, and this motion was made after the cause had been placed upon the calendar for a retrial by an order of the court. It may be said with some force that the defendant was not bound to move to set aside the execution until by the court's decision it was established that the five years had run; but it appeared that the plaintiff made an attempt to correct this error as early as April, 1896, as it then made a motion for

leave to issue a fresh execution or to obtain an order to be entered *nunc pro tunc* authorizing the one existing. This motion was opposed by the defendant and the same was denied. The remedy to set aside was as open to the defendant as was the motion to correct to the plaintiff. He was bound to know that the law required such motion to be made promptly, not only from the legal presumption which arises, but also from the fact that the rule had been announced at least thirty years prior to the time when the execution was issued, and he had examined and cited the case in which the rule appeared. As the question of time was in dispute from the commencement, diligence would have suggested that the right be secured by some affirmative action. Assuming, however, that he might safely wait until the question was decided by an appellate court, yet, after his view was sustained by this court, there would seem to be no reason why he should not then have sought to avail himself of the result. If, however, he was not then bound to move and could safely wait for the decision of the Court of Appeals, we can see no reason then why he was not called upon to act and to act promptly, but he waited over four months after that decision and then only moved as he was being forced to trial by the effort of his adversary. The plaintiff after this lapse of time should not be defeated in its efforts to have a determination of the question, presented by this action, upon the merits. If this order be sustained the case is determined upon a technicality created by the mistake of the plaintiff's attorney in issuing the execution one day late. This result can be avoided by holding that the defendant has been guilty of *laches* either in not attempting to set the execution aside at the beginning, or if not so then in failing to move at once after the Court of Appeals had settled the question. The court below seems to have disposed of the matter upon the ground that the defendant stood upon his strict legal right and was entitled to the order which it made for the reason that the execution could not furnish a legal basis for the maintenance of the action. This view, for reasons already expressed, we think was wrong. On the contrary, we think that there did not exist a legal right in the defendant to have the execution set aside, and that for failure to move promptly in correction of the irregularity, the defendant was guilty of *laches* for which the motion should have been denied.

These views lead us to the conclusion that the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

O'BRIEN and MCLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

Assuming that the motion to set aside a voidable execution was addressed to the sound discretion of the court, I cannot see that the court wrongfully exercised that discretion in setting aside this execution.

The prevailing opinion seems to hold that the plaintiff was bound to know the law as ultimately determined by the Court of Appeals, and that it was *laches* for him not to move to set aside the execution as soon as it was issued, or at a reasonable time thereafter. On a question of *laches* I do not think that a party could be assumed to know the law better than the Appellate Division of the Supreme Court. This court held that the execution was absolutely void. It was not until the decision of the Court of Appeals that it was established that the execution was voidable only. If the execution was void, a motion to set it aside would have been certainly denied on the ground that such a motion was unnecessary and improper. (*Bank of Genesee* v. *Spencer*, 18 N. Y. 150.) And if the defendant in good faith relied upon the fact that the execution was void, and failed to make this motion, because such a motion would have been improper, I cannot see that he was guilty of *laches*. The case seems to have been decided by the Court of Appeals May 1, 1900, and this motion was noticed September 22, 1900. This, certainly, does not seem to be such *laches* as would justify us in reversing the action of the Special Term. A summer vacation intervened, and the motion was made before the commencement of the October Term, which appears to have been the first term at which the case could have been tried after the decision of the Court of Appeals.

I do not think, therefore, that we are justified in reversing this order.

VAN BRUNT, P. J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.