## AULTMAN & TAYLOR CO. v. SYME.

(Supreme Court, Appellate Division, First Department. December 14, 1900.)

CREDITORS' BILL—EXECUTION—ISSUE AFTER FIVE YEARS—MOTION TO SET ASIDE —LACHES.

Plaintiff, the owner of a judgment against defendant, on which an execution had been returned unsatisfied, brought an action to set aside a transfer of defendant's property, and had judgment. Defendant appealed, alleging, among other things, that the execution was void, as having been issued without leave of court, and more than five years after the entry of judgment. The court of appeals reversed the judgment on other grounds, and granted a new trial, holding the execution not void, but only voidable on motion. This decision was rendered in May, 1900, nearly 11 years after the commencement of the action; and on October 1st defendant moved to set the execution aside, after plaintiff had placed the cause on the calendar for retrial. *Held,* that the motion should have been denied, since plaintiff's delay of over four months after the decision that the execution was voidable only was laches, it appearing that he was aware of his rights from the beginning, and, if not bound to take affirmative action to set aside the execution before the decision of the court of appeals, he was bound to move at once on its rendition.

Van Brunt, P. J., and Ingraham, J., dissenting.

Appeal from special term.

Action by the Aultman & Taylor Company against Frederick J. Syme. From an order setting aside an execution, as issued more than five years after judgment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William H. Blymer, for appellant.
Edward F. Brown, for respondent.

HATCH, J. The law has been settled in this case, and, as settled, it is decided that the execution upon which the creditors' action was founded was issued after the lapse of five years from the entry of the judgment, without leave of the court being first obtained. Aultman & Taylor Co. v. Syme, 23 App. Div. 344, 48 N. Y. Supp. 231; s. c. on appeal, 163 N. Y. 54, 57 N. E. 168. Such fact, however, did not render the execution void. It was only voidable, and subject to be set aside upon motion. Bank v. Spencer, 18 N. Y. 150. When the case was before this court it held that the execution could not be made the basis upon which to found a creditors' action. The court of appeals disagreed with this view, holding that as the execution was not void, but only voidable, it stood as a valid execution until it was set aside; and the court therefore held that it was error to dismiss the complaint. In this respect the decision is in harmony

with the views of that court as expressed in Wright v. Nostrand, 94 N. Y. 31–47. The views of the courts upon this subject seem to be that such an execution may not in all cases be set aside by the moving party as matter of strict right, but that the application is addressed to the sound discretion of the court. When the motion is made promptly upon discovery of the fact, the court is undoubtedly required to set the execution aside. But it is like all other motions to correct irregularities. The party is bound to move, or he will be deemed guilty of laches, or be held to have waived the defect or elected to acquiesce therein. As was said by Judge Denio in Bank v. Spencer, supra:

"It [the execution] was liable to be set aside on motion, but such motion, like all others, must be made promptly; and if it appeared that the defendant had consented to the execution being issued, or if there were any circumstances which in fairness and equity precluded him from availing himself of the irregularity, the motion will not prevail."

This rule is inferentially enunciated by the court of appeals in this case, as the court say:

"An execution issued without leave after the lapse of five years is not void, but only liable to be set aside on motion." Page 65, 163 N. Y., and page 173, 57 N. E.

The court cites the case from which we have quoted, and the page whereon the quotation is found.

The supreme court has held (Frean v. Garrett, 24 Hun, 161) that where it appeared that a valid judgment was in existence, and that the court would have granted leave to issue execution, had an application been made, it furnished ground for denying a motion to set it aside, although it had been issued without leave. The courts at special term have quite uniformly adopted such rule. Wooster v. Wuterich, 2 Abb. N. C. 206; Winebrener v. Johnson, 7 Abb. Prac. (N. S.) 202. It must now be assumed, we think, that the judgment upon which this execution was issued was a valid judgment. If it had not been so assumed, the court of appeals would, of necessity, have dismissed the complaint; but, so far from doing this, it held that such conclusion was error, upon the record then before it.

This action was commenced on the 14th day of November, 1889, and the litigation has continued for 11 years. The defendant was aware at the outset that the execution was issued after the lapse of 5 years, as he asserted such claim, and was successful in establishing it. The decision of this court was rendered in December, 1897, and by the court of appeals in May, 1900. The defendant served his notice of motion to set the execution aside on September 22, 1900, for a hearing on October 1st following, and this motion was made after the cause had been placed upon the calendar for a retrial by an order of the court. It may be said with some force that the defendant was not bound to move to set aside the execution until by the court's decision it was established that the five years had run; but it appeared that the plaintiff made an attempt to correct this error as early as April, 1896, as it then made a motion for leave to issue a fresh execution, or to obtain an order to be entered nunc pro tunc authorizing the one existing. This motion was opposed by the

defendant, and the same was denied. The remedy to set aside was as open to the defendant as was the motion to correct to the plaintiff. He was bound to know that the law required such motion to be made promptly, not only from the legal presumption which arises, but also from the fact that the rule had been announced at least 30 years prior to the time when the execution was issued, and he had examined and cited the case in which the rule appeared. As the question of time was in dispute from the commencement, diligence would have suggested that the right be secured by some affirmative action. Assuming, however, that he might safely wait until the question was decided by an appellate court, yet, after his view was sustained by this court, there would seem to be no reason why he should not then have sought to avail himself of the result. If, however, he was not then bound to move, and could safely wait for the decision of the court of appeals, we can see no reason then why he was not called upon to act, and to act promptly; but he waited over four months after that decision, and then only moved as he was being forced to trial by the effort of his adversary. The plaintiff after this lapse of time should not be defeated in its efforts to have a determination of the question presented by this action, upon the merits. If this order be sustained the case is determined upon a technicality created by the mistake of its attorney in issuing the execution one day late. This result can be avoided by holding that the defendant has been guilty of laches, either in not attempting to set the execution aside at the beginning, or, if not so, then in failing to move at once after the court of appeals had settled the question. The court below seems to have disposed of the matter upon the ground that the defendant stood upon his strict legal right, and was entitled to the order which it made for the reason that the execution could not furnish a legal basis for the maintenance of the action. This view, for reasons already expressed, we think was wrong. On the contrary, we think that there did not exist a legal right in the defendant to have the execution set aside, and that for failure to move promptly in correction of the irregularity the defendant was guilty of laches, for which the motion should have been denied.

These views lead us to the conclusion that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

O'BRIEN and McLAUGHLIN, JJ., concur.

INGRAHAM, J. (dissenting). Assuming that the motion to set aside a voidable execution was addressed to the sound discretion of the court, I cannot see that the court wrongfully exercised that discretion in setting aside this execution. The prevailing opinion seems to hold that the plaintiff was bound to know the law as ultimately determined by the court of appeals, and that it was laches for him not to move to set aside the execution as soon as it was issued, or at a reasonable time thereafter. On a question of laches, I do not think that a party could be assumed to know the law better than the appellate division of the supreme

court. This court held that the execution was absolutely void. It was not until the decision of the court of appeals that it was established that the execution was voidable only. If the execution was void, a motion to set it aside would have been certainly denied on the ground that such a motion was unnecessary and improper. Bank v. Spencer, 18 N. Y. 150. And if the defendant in good faith relied upon the fact that the execution was void, and failed to make this motion because such a motion would have been improper, I cannot see that he was guilty of laches. The case seems to have been decided by the court of appeals May 1, 1900, and this motion was noticed September 22, 1900. This certainly does not seem to be such laches as would justify us in reversing the action of the special term. A summer vacation intervened, and the motion was made before the commencement of the October term, which appears to have been the first term at which the case could have been tried after the decision of the court of appeals. I do not think, therefore, that we are justified in reversing this order.

VAN BRUNT, P. J., concurs.