## HAVERLY et al. *vs.* BECKER.

A debtor confessed a judgment to his creditor, but by mistake of the attorney, the judgment was not docketed in the county of Albany, where the debtor owned lands. The debtor afterwards sold the land, both he and the purchaser supposing that the judgment was a lien, and the latter undertaking to pay it as a part of the consideration of his purchase. Afterwards, on learning that the judgment had not been docketed, he refused to pay it. The debtor was insolvent. *Held,* on bill filed by the judgment creditor against the purchaser, that the latter held the lands charged with an equitable lien or trust for the payment of the judgment.

And held further, that the premises were chargeable with the whole amount of the judgment, although it was larger than represented by the debtor at the time of the purchase, there being no fraud or wilful misrepresentation.

THE plaintiffs, on the 6th of December, 1842, recovered a judgment by confession in the supreme court, against Abraham L. Deitz, for $748,90, and costs. Deitz was at that time the owner of a farm in Albany county, but the attorney for the plaintiffs neglected to have a transcript filed, and the judgment docketed in that county, so as to become a lien on the lands of the debtor. In February, 1843, Deitz sold and conveyed the farm to the defendant, Becker, both of them at that time understanding and supposing that the judgment was a lien. Becker, as a part of the consideration of his purchase, agreed to pay the judgment, but subsequently, on ascertaining that no transcript

[170] had been filed he refused to do so. Deitz was insolvent. The plaintiffs, thereupon, filed their bill in this cause, setting forth the facts, and insisting that in equity, the judgment was a lien on the land, and praying for a decree declaring and enforcing such lien. The defendant answered and proofs were taken. The supreme court sustained the bill and made a decree, declaring the judgment to be an equitable lien on the land, and directing a sale of the premises. The defendant appealed to this court.

*W. A. Young,* for appellant.

*D. Wright,* for respondents.

PRATT, J.   Deitz gave the bond and warrant of attorney to the plaintiffs in this cause, for the purpose of enabling them to acquire a lien upon his lands for the better security of their debt, but by a mistake of their attorney, the requisite transcript to make the judgment such lien was not filed in the clerk's office of the proper county. Deitz sold and Becker purchased the farm in question, supposing that the judgment was actually a lien thereon, and in part payment of the consideration, Becker agreed to pay and discharge the judgment. Under these circumstances, he should be deemed in equity as holding the land in trust for its payment. The correction of mistakes is within the most common and ordinary jurisdiction of courts of equity. The judgment, therefore, should be deemed in equity, a lien upon the premises, and the defendant should be deemed as holding them subject to it, and this court is therefore bound to enforce it.

It is insisted that Deitz represented the amount of the judgment to be less than it really was. The testimony is somewhat contradictory upon this point, but it is quite clear that Becker was to pay the judgment whatever it might be. So long, therefore, as there was no fraud or wilful misrepresentation of the facts proved ; the fact that the judgment was greater in amount

than the parties to the contract supposed, constitutes no [171] defence.

Decree affirmed.