Blossom v. Barry.

---

PETER BLOSSOM, Appellant, v. GEORGE H. BARRY, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

A judgment entered by a county clerk, on the transcript of a judgment of a Justices' Court, must be docketed in the same manner as the judgments of a court of record. Per J. C. SMITH, J.

Section 63 of the Code, refers to and adopts, in this respect, the existing provisions of the Revised Statutes. Id.

Plaintiff obtained judgment in an action on contract, before a justice of the peace, against H. and C., and filed a transcript with the county clerk, who docketed it under the letter H only.—Held, the judgment was a lien upon C.'s real estate, as against him, and as against subsequent purchasers with notice.

C., after such entry of the judgment, sold his real estate, the only property from which the debt could have been made, to M.; and in an action by plaintiff against the county clerk, for neglect to make a proper docket, it failing to appear that M. did not have notice of the judgment when he purchased,—Held, the action was not sustained.

Otherwise, it seems, if plaintiff had shown an absolute loss of his judgment through defendant's neglect.

THE facts are stated in the opinion of the court.

H. P. Norton, for the appellant.

Jerome Fuller, for the respondent.

Present—E. D. SMITH, JOHNSON and J. C. SMITH, JJ.

Blossom *v.* Barry.

By the Court—JAMES C. SMITH, J. Appeal from a judgment of the Monroe County Court reversing a judgment rendered in a Justice's Court in favor of the plaintiff.

In the years 1865 and 1866, the defendant was the clerk of the county of Monroe. On the 18th June, 1865, the plaintiff recovered a judgment before a justice of the peace of the town of Clarkson, in said county, against Ira Haskins and Delos Cheeney, for $35.92 damages and seventy-five cents costs, in an action on contract, and on the 29th August, 1865, delivered a transcript of said judgment, duly made and certified by the said justice, to the defendant as such clerk, for the purpose of having the transcript filed and the judgment docketed in his office, so as to become a lien on real estate. The transcript was duly filed on the 29th August, 1865, and at the same time the judgment was docketed in the book kept for that purpose under the letter " H," in the usual form, against both defendants, but no entry was made in the docket under letter " C," until sometime between the 18th and 27th days of January, 1866, when the like entries were made under that letter in the same book. On the 29th August, 1865, an execution on said judgment was issued to a deputy sheriff of said county, who could find no personal property with which to satisfy it, and it remained in his hands unsatisfied at the commencement of the suit. At the time of the rendition of the judgment, Cheeney had a tavern stand and about three acres of land at Parma Corners, worth $5,000, but incumbered to the amount of $4,700 by several mortgages prior to the judgment, one of which, for $800, was not recorded. In October, 1865, Cheeney sold and deeded the real estate to Owen McLean for $5,000, subject to the incumbrances except one of $400, which was paid out of the purchase money. Neither Cheeney nor Haskins had any other real estate.

It became the duty of the county clerk, on receiving the transcript and his fees, to file the transcript and enter the judgment in the book kept for that purpose in his office. The section of the Code which imposes this duty (§ 63), does not prescribe the form or mode of the entry in the docket. The

Revised Statutes (2d vol., 361, § 13, sub. 4), provide that "if the judgment be against several persons, such statement shall be repeated under the name of each person against whom the judgment was recovered, in the alphabetical order of their names respectively." This provision, at the time of its adoption, was intended to apply only to judgments recovered in courts of record. At that time, judgments entered by county clerks on justices' transcripts were required to be docketed in a separate book kept for that purpose. (2 R. S., 177, § 128.) But the latter requirement is no longer in force. As the law now stands, such judgments are to be docketed in the same office in which judgments of the courts of record are docketed, and may be docketed in the same book. There is no reason why the same mode should not be employed in both cases, and by fair construction § 63 of the Code may be held to refer to and adopt the mode of docketing prescribed by the Revised Statutes. The clerk attempted to pursue that mode in the present instance, and entered the judgment under the initial letter of one of the defendants, but by inadvertence omitted to enter it under the initial of the other defendant, until after he had conveyed his real estate to McLean.

But although the clerk omitted his duty in that respect, a more serious question is whether the plaintiff was damnified thereby. There was not an entire omission of duty. The transcript was duly filed, and the judgment was docketed so as to create a perfect lien as to Haskins. Unquestionably it was also a valid lien on Cheeney's real estate, as against him. If the lands had been sold on the execution, while he held the title, the sale would have been effectual. The judgment was also valid as against subsequent purchasers with notice. (1 Barb. Ch. R., 571; 3 Cow. 39 and note; 1 Barb. S. C. R., 48; 19 Wend., 90; 4 N. Y., 169.) If McLean knew of the judgment against Cheeney when he purchased, and was not misled by the omission of the clerk to docket it under the initial letter of each defendant, he took title subject to the judgment, and the plaintiff has not been injured. There is no evidence that McLean purchased without notice, or that he

was so misled, and there is no presumption, in the absence of proof, that his purchase was of that character.   Indeed, foi aught that appears, he may have assumed the payment of the judgment.   It was incumbent on the plaintiff to show that by the defendant's neglect he had absolutely lost his judgment, and in that respect his proof fails.   All that he has shown is that McLean had not the constructive notice that would have resulted from a perfect docketing of the judgment.

The judgment of the County Court should be affirmed.

Judgment affirmed.