### FLOYD *v.* CLARK *et al.*

*(Common Pleas of New York City and County, Special Term.* February, 1880.)

**1. JUDGMENT—DURATION OF LIEN.**

Judgments over 10 years old are not liens on the surplus arising from the sale of the debtor's land on foreclosure of a mortgage, under Code Civil Proc. § 1251, which provides that a judgment is a charge on "real property" for only 10 years.

**2. SAME—EXTENDING DURATION OF LIEN.**

Section 1252, which provides that execution may be had upon real estate after the 10 years by filing a notice, subscribed by the sheriff, describing the judgment, the execution, and the property levied upon, does not extend the original lien of the judgment.

Action by Elizabeth F. Floyd, administratrix, etc., of David Van Horne Floyd, deceased, against Edwin Clark and another. Motion to confirm the referee's report distributing a surplus arising on a foreclosure sale of land under a mortgage.

DALY, C. J. Judgments over 10 years old are not liens on the surplus. They are not liens on the real estate of the judgment debtor. Code, § 1251,[1] limits the lien on real estate to 10 years, without making any distinction between lands still held by the debtor and lands conveyed to others or incumbered by other liens. Before the passage of this Code the judgment bound the real property of the debtor, where no other rights intervened, for the full 20 years, and such property might be sold upon execution at any time during that period. 2 Rev. St. p. 359, §§ 3, 4; *Nims* v. *Sabine*, 44 How. Pr. 252; *Beard* v. *Sinnott*, 35 N. Y. Super. Ct. Rep. 51. The provision of the Revised Statutes cited has been repealed by chapter 417, Laws 1877. Execution may now be levied on the debtor's real estate after 10 years, under the provisions of section 1252[2] of the Code. But this special provision does not extend the original lien of the judgment, and the real estate is bound only from the time of recording and indexing the notice therein provided for. No such notice was recorded in this case, and the judgments obtained against Garrett D. Clark, on October 14, 1861, May 4, 1862, February 12, 1864, and August 15, 1865, were properly excluded by the referee.

The referee does not allow the claim of D. Levy for payment of $50 to him as attorney of Mrs. Corcoran, payable out of the amount of her judgment. I think it better to leave him to his action for whatever may be due him for services as attorney and counsel. The costs to be allowed on this proceeding are motion costs and disbursements only; $20 costs each to Cooper and Roe and Thomas & Wilder. Order accordingly.

---

[1] Code Civil Proc. § 1251, provides that a judgment is a charge upon "real property" and "chattels real" for 10 years after filing the judgment roll, and no longer.

[2] Code Civil Proc. § 1252, provides that, when 10 years after filing the judgment roll have expired, real property, or a chattel real, may be levied on by execution by filing, with the clerk of the county, a notice, subscribed by the sheriff, describing the judgment, the execution, and the property levied upon.