CAROLINE R. GARCZYNSKI, Appellant, *v.* DORR RUSSELL and Another, Respondents.

*Judgment creditor's lien — execution issued under section 1252 of the Code of Civil Procedure — what interest may be sold — not controlled by section 1369 — statement of the interest to be sold.*

A judgment creditor by virtue of his judgment acquires no lien upon land belonging to the judgment debtor, except such as is authorized by statute.

The lien acquired by the docketing of a money judgment expires in ten years.

The only interest of a judgment debtor in property which can be sold upon an execution, issued in pursuance of the provisions of section 1252 of the Code of Civil Procedure, is the right and title of the judgment debtor thereto at the time of recording and indexing the notice. And it follows that the provisions of section 1369 of the Code of Civil Procedure do not control as to the form of an execution issued under section 1252 thereof.

An execution issued under section 1252 of the Code of Civil Procedure must correctly state the interest which the party issuing the execution is entitled to have sold, and if it and the proceedings taken thereunder fail to so state they are properly set aside.

Caroline R. Garczynski recovered a judgment against Dorr Russell on September 17, 1881, prior to which time Russell was the owner of certain real estate, the title to which, by reason of the giving of certain mortgages, the foreclosure thereof and the sale thereunder, had passed to and was held by his wife.

In 1891 Garczynski commenced an action to set aside the transfers and proceedings which vested the title to such real estate in Russell's wife, in which action an interlocutory judgment was entered, which, among other things, set aside such transfers as against Garczynski, and authorized her to proceed upon her execution on such judgment, or to issue another execution thereon in the usual form, and to advertise and sell such real estate thereunder in the manner and

order prescribed by law, and to apply the proceeds to the payment of her judgment with interest. Garczynski issued an execution upon her judgment on April 14, 1893, which was filed and recorded with the notice prescribed by section 1252 of the Code of Civil Procedure.

A motion was then made to set aside the execution, and all proceedings taken thereunder, on the ground that the execution was irregularly issued, was irregular in form, that the notice of sale was irregular and unauthorized by law in that the lien of the judgment on which execution was issued had ceased by lapse of time before the issuing of the execution, except as the plaintiff acquired a new lien by levy and filing with the clerk a notice under section 1252 of the Code of Civil Procedure, which could only bind or become a charge on the title levied upon, from the time the notice was filed and recorded, whereas, the execution issued and notice of sale given assumed the right to sell the property as of September 17, 1881.

The motion was granted on the ground that the execution issued was unauthorized, because it did not correctly state the time when the lien of such levy attached, and did not direct a sale of the interest which Russell had at that time, but stated the lien as having attached September 17, 1881, and directed the sheriff to sell any property belonging to the judgment debtor on that day or at any time thereafter.

Garczynski was not at any time stayed by an injunction, or any other order, or by the operation of an appeal, or by express provisions of law, or otherwise, from enforcing her judgment.

*Held,* that the order setting aside the execution and the proceedings thereunder was proper and should be affirmed. (MERWIN, J., dissenting.)

APPEAL by the plaintiff, Caroline R. Garczynski, from an order of the Supreme Court, made at the Schoharie County Special Term and entered in the office of the clerk of the county of Otsego on the 8th day of June, 1893, setting aside an execution issued by the plaintiff upon a judgment recovered by her against the defendant, and entered in the office of the clerk of the county of Otsego on the 17th day of September, 1881.

*George M. Weaver* and *A. M. Beardsley,* for the appellant.

*Johnson & Lamb* and *E. M. Harris,* for the respondents.

MARTIN, J. :

On the 17th day of September, 1881, the plaintiff recovered a judgment against the defendant Dorr Russell and another for the sum of $5,772.45. On March 17, 1884, Jeremiah Wintringham, as receiver of the Pawners' Bank, obtained a judgment against the same defendants for about $78,000.

Previous to the entry of these judgments, Dorr Russell was the owner of a farm near Cooperstown. By reason of the giving of certain mortgages thereon, the foreclosure thereof and sale thereunder, the title to such farm passed to and was held by Lucy G. Russell, who was the wife of Dorr Russell. In 1891 the plaintiff commenced an action to set aside the transfers and proceedings which vested the title to such real estate in her. The action was tried and resulted in the entry of an interlocutory judgment, which, among other things, set aside such transfers as against the plaintiff, and authorized her " to proceed upon her execution on said judgment, or to issue another execution thereon in the usual form as she may be advised, to the sheriff of Otsego county, and to advertise and sell thereon in the manner and order prescribed by law the said real estate, and to apply the proceeds to the payment of the plaintiff's said judgment, with the interest thereon."

The plaintiff subsequently issued an execution and the farm was advertised to be sold March 30, 1893. On March twenty-first the defendants made a motion to set aside the execution on the ground that the notice provided for by section 1252 of the Code had not been filed by the sheriff. The motion was heard April 4, 1893, and granted on the ground that no notice had been filed or recorded, as required by that section, but without prejudice to issuing another execution in the action.

On April eighth the assignee of the Wintringham judgment issued an execution thereon and advertised the farm for sale. On the fourteenth of April the plaintiff issued a second execution upon her judgment, which was filed and recorded with the notice prescribed in section 1252 of the Code of Civil Procedure. A motion was then made by the defendants at the Schoharie Special Term on May twenty-seventh to set aside the plaintiff's second execution and all proceedings under it, on the ground that the execution was irregularly issued, was irregular in form, that the notice of sale was irregular and unauthorized by law, or the order of the Broome Special Term made April 4, 1893, in that the lien of the judgment on which the execution was issued had ceased by lapse of time before the issuing of the execution, except as the plaintiff acquired a new lien by a levy and filing with the clerk a notice under section 1252 of the Code of Civil Procedure, which could only bind or

become a charge upon the title thus levied upon from the time the notice was filed and recorded, whereas the execution issued and notice of sale given assumed the right to sell the property as of September 17, 1881, when the plaintiff or the sheriff had no right to sell the estate which the defendant had at that time. Also, on the ground that the identical property was being advertised for sale by the sheriff, upon another execution issued against the defendant Russell, prior to the issuing of the execution in this action, upon a judgment prior in time to the levy of the plaintiff's execution.

The papers upon which this motion was heard show these facts, and also that the plaintiff was not at any time stayed by an injunction, or any other order, or by the operation of an appeal, or by express provisions of law, or otherwise, from enforcing such judgment; that the execution issued required the sheriff to satisfy the judgment out of the real property in his county belonging to the judgment debtors, or either of them, on the day such judgment was docketed in his county (September 17, 1881), or at any time thereafter.

The motion was granted on the ground that the execution issued was unauthorized because it did not correctly state the time when the lien of such levy attached, and did not direct a sale of the interest which the defendant had at that time, but, on the contrary, stated the lien as having attached September 17, 1881, and directed the sheriff to sell any property belonging to the judgment debtor on that day, or at any time thereafter.

The question presented on this appeal is, whether the plaintiff was justified in issuing an execution which directed the sheriff to sell the interest which the judgment debtor had in real estate in that county on the 17th of September, 1881, or at any time thereafter, or whether the execution should have directed the sale of only such interest as the judgment debtor had in real property therein at the time when the execution was issued and the notice filed and recorded as provided by section 1252 of the Code.

The plaintiff, by virtue of her judgment, acquired no lien upon the lands belonging to the judgment debtor, except such as was authorized by statute. At common law a judgment was not a lien upon real estate. The statutes of this State relating to the docketing of judgments, the effect thereof as liens upon real property, the

suspending and discharging such liens and the satisfaction and assignment of judgments as they existed when the plaintiff's judgment was rendered, are contained in article 3 of title 1 of chapter 11 of the Code of Civil Procedure. The first six sections of that article relate to the docketing of judgments. The next section (1251), so far as applicable to the question before us, declares that: "A judgment hereafter rendered which is docketed in a county clerk's office, as prescribed in this article, binds and is a charge upon, for ten years after the filing of the judgment roll, and no longer, the real property * * * in that county, which the judgment debtor has at the time of so docketing it, or which he acquires at any time afterwards, and within the ten years." Hence, the lien acquired by the docketing of a money judgment expires in ten years. (*Wing* v. *De La Rionda*, 34 N. Y. St. Repr. 267, 273.)

When the last execution in this case was issued more than ten years had elapsed since the docketing of the judgment and the filing of the judgment roll, so that the judgment had ceased to be a lien upon the real property of the judgment debtor.

But the appellant contends that she had a right to issue the execution under the provisions of section 1252 of the Code. That section provides: " When ten years after filing the judgment roll have expired, real property * * * which the judgment debtor * * * then has, in any county, may be levied upon by virtue of an execution against property, issued to the sheriff of that county, * * * by filing with the clerk * * * a notice, subscribed by the sheriff, describing the judgment, the execution and property levied upon. * * * The notice must be recorded and indexed by the clerk, as a notice of the pendency of an action. * * * The judgment binds and becomes a charge upon the right and title thus levied upon of the judgment debtor * * * only from the time of recording and indexing the notice, and until the execution is set aside or returned." The reading of this section renders it clear that the only interest of the judgment debtor which can be sold upon an execution issued in pursuance of it, is the right and title of the judgment debtor at the time of recording and indexing the notice. That being the only interest or title of the defendant which could be sold on execution, it seems quite clear that the plaintiff had no authority to issue an execution to sell the title and interest pos-

sessed by the judgment debtor before that time, and, hence, that the execution and the proceedings of the sheriff, by which he advertised to sell the interest which the plaintiff had in the property more than ten years before the time of the sale, were irregular and improper. We think that an execution issued under section 1252 should correctly state the interest which the party issuing the execution is entitled to have sold, and that as the execution in this case and the proceedings under it failed to do so, they were properly set aside. (*Hansee* v. *Fiero*, 56 Hun, 463; *Floyd* v. *Clark*, 16 Daly, 528.)

We find nothing in sections 1366, 1368 and 1369 of the Code of Civil Procedure which requires an execution issued under the provisions of section 1252 to be in the form of that issued in this case, or that requires it to be incorrect and contrary to the provisions of the latter section. Section 1369 provides that an execution against property must, " except in a case where special provision is otherwise made by law, substantially require the sheriff to satisfy the judgment out of the personal property of the judgment debtor, and if suficient personal property cannot be found, out of the real property belonging to him at the time when the judgment was docketed in the clerk's office of the county, or at any time thereafter." Thus we see that cases where provision is otherwise made by law are excepted from the provisions of that section, and when we refer to section 1252, we find that where an execution is issued and levied upon real property under its provisions, the judgment binds the title thus levied upon only from the time of recording and indexing the notice, and consequently the only interest or title which can be sold under such an execution is that of the judgment debtor at the time of recording and indexing the notice. That being the only interest which can be sold where the judgment has ceased to be a lien upon the property, we think it follows that the provisions of section 1369 do not control as to the form of the execution to be issued in such a case, but that the execution and proceedings under it should be made to conform to the provisions of section 1252, and accurately and correctly describe the interest of the judgment debtor that was levied upon and advertised for sale. Any other course of procedure would lead to confusion as to the rights of the purchasers, other judgment debtors or lienors, would jeopardize the rights of the per-

sons interested in the land, provoke unnecessary litigation and render the title to the property sold doubtful and uncertain.

We find no authority, statutory or otherwise, which requires us to hold a doctrine which would be followed by such unfortunate consequences. We think the order should be affirmed.

HARDIN, P. J., concurred.

MERWIN, J.:

It seems to me that the execution should not have been set aside by the Special Term. At most it should have been limited to the lien acquired upon filing the notice under section 1252. The plaintiff ought to be permitted to retain the benefit of that lien.

Order affirmed, with ten dollars costs and disbursements.