(51 Misc. Rep. 232.)

## BURCH v. BURCH.

(Supreme Court, Special Term, Oswego County. June, 1906.)

EXECUTION—AMENDMENT.

> More than 10 years after a judgment for costs was docketed, a transcript thereof was filed in another county, and a notice was filed, as provided by Code Civ. Proc. § 1252, and an execution issued thereon, which stated the date of filing of the transcript as of the date of the judgment roll, though it was in fact filed more than 10 years later, and directed that the judgment should be collected out of the real estate of the judgment debtor belonging to him at the earlier date instead of the time when the notice was filed. *Held,* that it might be amended so as to limit the lien to the date of filing and recording of the notice.

> [Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 192.]

Action by Abbie Isabelle Burch against Frederick R. Burch. Judgment for plaintiff. Motion by defendant to vacate execution. Order that execution be amended.

L. C. Rowe, for the motion.
J. Steward Ross, opposed.

DEVENDORF, J. This action was brought by plaintiff against defendant for the purpose of obtaining a divorce, and resulted in the obtaining of a decree awarding her such divorce, and granting her a recovery of $261.40 costs; such judgment for costs was docketed in Kings county, April 3, 1891.

Nothing further appears to have been done with said judgment until April 8, 1903, when a transcript thereof was docketed in the office of the clerk of Oswego county. It appears that the defendant had become the owner of certain real property in said Oswego county, on or about February 5, 1903. For the purpose of obtaining payment of the judgment for costs, the plaintiff filed with the clerk of said county, on the 27th day of February, 1906, the notice required by section 1252 of the Code of Civil Procedure, and issued an execution which was delivered to the sheriff on or about said date. A levy was thereupon made upon the defendant's interest and title in the real estate described in the papers used on this motion. The execution erroneously states the date of filing of the transcript in Oswego county as April

8, 1891, when in fact it was actually filed April 3, 1903. The execution directs the sheriff to satisfy the judgment out of the personal property of the judgment debtor, and, if sufficient thereof cannot be found, then out of the real property in said county belonging to the said judgment debtor when the said transcript was so filed, or at any time thereafter, in whose hands soever the same may be.

The judgment could bind and become a charge upon the right and title levied upon of the judgment debtor only from the time of recording and indexing the notice, as prescribed in said section 1252. This execution, however, directs the sheriff to satisfy the judgment out of all interests and title of the judgment debtor owned April 8, 1891, or at any time since. This was clearly erroneous in that regard. The judgment lien commenced from the time the said notice was indexed and recorded. The execution should have required a sale of the right and title existing at that time, and not at the time of the original docketing of the judgment. Garczynski v. Russell, 75 Hun, 497, 27 N. Y. Supp. 465; Atlas Refining Co. v. Smith, 52 App. Div. 109, 64 N. Y. Supp. 1044. The execution could go no further than to direct a sale of the interests vested at the time of or subsequently to the filing of the notice, and the execution should be limited to the lien acquired upon filing the notice under said section. The equities are to such an extent in favor of the plaintiff in this case that I think she ought to be permitted to have the benefit of a lien to that extent. I appreciate the force of the authorities above cited, yet I am of the opinion that there is a power in the court to limit the lien of the execution as stated, and to retain its force to that extent. I have concluded, therefore, to make that disposition of this motion, and that, if need be, in furtherance of justice, the execution be amended and corrected in its language as to the statement of the date when the transcript was actually filed in Oswego county, and that it be further amended to limit its scope as above stated.

If the parties cannot agree as to the form of the order to be entered hereon, it may be settled on not less than three days' notice, and there should be a further provision of the order providing for another adjournment of this sale in order to permit the defendant to obtain a stay, on security, if desired, to review the order to be entered hereon.

Ordered accordingly.