### GUITERMAN v. COUTANT et al.

(City Court of New York, Special Term. March 18, 1908.)

EXECUTION—ISSUANCE—DESCRIPTION OF PROPERTY.

An execution issued under Code Civ. Proc. § 1252, which provides that execution may be levied on real estate after 10 years by filing a notice subscribed by the sheriff, describing the judgment, the execution and the property levied on must correctly state the interest which the judgment creditor is entitled to have sold, and it will be set aside where it generally describes such interest as "all the right, title and interest" which defendant has in certain described premises, without specifying whether the interest is that of owner of the fee, life tenant, lessee, mortgagee, etc.

Action by Simon Guiterman against Charles A. Coutant and another. On motion to set aside an execution against defendant Coutant, and to discharge of record the notice filed. Motion granted.

David J. Gladstone, for plaintiff.
Fromme Bros. (Arnold Gross, of counsel), for defendants.

FINELITE, J. This is a motion to vacate and set aside an execution issued herein to the sheriff of the county of New York on the 2d day of November, 1907, and to cancel and discharge of record a notice filed herein in the office of the clerk of New York county on the 2d day of November, 1907, under section 1252 of the Code of Civil Procedure, by the sheriff of New York county. Said notice read in part:

"The execution is directed and I am commanded to satisfy it out of all the right, title and interest which the within named defendant Charles A. Coutant had on the 2d day of November, 1907, the date of the filing of this notice, with you in the following described premises, to wit [description of premises]."

The defendant moves upon three grounds: (1) That the said execution and said notice fail to properly specify the interest of the judgment debtor, the defendant Coutant, in the real property sought to be levied upon; (2) that the said execution fails to require the sheriff to levy up-

on the personal property of the judgment debtor before levying upon the real estate; (3) that no leave to issue said execution has been granted or obtained. A motion had heretofore been made in this court to have the aforesaid judgment canceled on the ground that the defendant had been duly discharged in bankruptcy, which motion was denied upon the ground that the said judgment was not described in the schedules filed by the judgment debtor in said bankruptcy proceedings. I shall take under consideration the question whether the execution describes the interest of the judgment debtor in the property sought to be levied upon sufficiently to comply with section 1252, which is as follows:

"When ten years after filing the judgment roll have expired, real property * * * which the judgment debtor * * * then has in any county may be levied upon by virtue of an execution against property issued to the sheriff of that county * * * by filing with the clerk * * * a notice, subscribed by the sheriff, describing the judgment, the execution and the property levied upon. * * * The notice must be recorded and indexed by the clerk as a notice of pendency of action. * * * The judgment binds and becomes a charge upon the right and title thus levied upon of the judgment debtor * * * only from the time of recording and indexing the notice, and until the execution is set aside or returned."

I believe that the execution issued under section 1252 should correctly state the interest which the party issuing the execution is entitled to have sold, and that, as the execution in this action and the proceeding under it fail to do so, should be set aside. Hansee v. Fiero, 56 Hun, 463, 10 N. Y. Supp. 494; Floyd v. Clark (Common Plea) 17 N. Y. Supp. 848. Neither in said notice nor in the execution herein does there appear any reference to what "right, title and interest" the defendant Coutant has in the real property sought to be levied upon, whether it is that of owner of the fee, tenant in common, life tenant, lessee, mortgagee, etc. Garczynski v. Russell, 75 Hun, 497, 27 N. Y. Supp. 467. The execution and proceedings under it should be made to conform with section 1252, and accurately and correctly describe the interest of the judgment debtor sought to be levied upon and advertised for sale. Any other course of procedure would lead to confusion as to the rights of purchasers and other judgment creditors or lienors, would jeopardize the rights of persons interested in the land, provoke litigation, and render the title to the property sought to be sold doubtful and uncertain.

For the reasons stated, and without passing upon the other points raised, the motion to vacate and set aside the execution issued herein on the 2d day of November, 1907, and to cancel and discharge of record the notice filed herein on said day by the sheriff under section 1252 of the Code of Civil Procedure, be granted. Settle order on notice.