(59 Misc. Rep. 23.)

GUITERMAN v. COUTANT et al.

(City Court of New York, Special Term. April, 1908.)

1. EXECUTION—DESCRIPTION OF DEBTOR'S INTEREST.

     Where an execution under Code Civ. Proc. § 1252, directs the sheriff to satisfy the judgment out of the interest defendant had on filing of the notice of levy in certain real estate, and describes such interest as an estate in fee simple, and describes the property definitely, the judgment debtor's interest is sufficiently stated.

2. SAME—LEVY ON PERSONALTY.

     Code Civ. Proc. § 1369, requiring an execution to direct a levy on personalty of a judgment debtor first, unless there is a special provision otherwise made by law, does not control an execution issued under Code Civ. Proc. § 1252, providing that, after judgment has ceased to be a lien, an execution may issue by filing and recording a notice describing the execution and the property to be levied on.

3. SAME—ISSUE AFTER FIVE YEARS.

     Under Code Civ. Proc. § 1377, an execution can issue after five years, where one was issued within the five years and was returned wholly unsatisfied.

4. SAME—DEATH OF JUDGMENT CREDITOR.

     Where a judgment creditor has died, execution can issue in favor of his executors.

Action by Simon Guiterman against Charles A. Coutant and others. Judgment for plaintiff, and motion to vacate and set aside an execution denied.

See 111 N. Y. Supp. 19.

David J. Gladstone, for plaintiff.
Fromme Bros., for defendants.

DONNELLY, J. This is a motion to vacate and set aside an execution issued under section 1252 of the Code of Civil Procedure on the following grounds: (1) That said execution and said notice fail

to properly specify the interest of the judgment debtor, the defendant Coutant, in the real property sought to be levied upon. (2) That the said execution fails to require the sheriff to levy upon personal property of the judgment debtor before levying upon the real estate. (3) That no leave to issue said execution has been obtained or granted. (4) That said judgment is not enforceable by process of execution by plaintiff's executors herein. I will take up each ground in the order named.

1. The execution, after recitals, reads:

"Therefore we command you to satisfy the said judgment out of all the right, title, and interest which the above-named defendant Charles A. Coutant had on the 19th day of March, 1908, the date of filing of your notice of levy with the clerk of the county of New York, as provided for by section 1252 of the Code of Civil Procedure, in the following described premises: The interest of the judgment debtor, Charles A. Coutant, in the said premises, is an estate in fee simple."

Then follows description of property.

The case of Garczynski v. Russell, 75 Hun, 497, 27 N. Y. Supp. 465, and cases cited, hold (a) that the only interest of the judgment debtor that can be sold by virtue of section 1252 is the right, title, and interest at the time of recording and indexing the notice; (b) that the execution issued under section 1252 should correctly state the interest which the party issuing the execution is entitled to have sold; and (c) that the provisions of section 1369 of the Code of Civil Procedure do not control as to the form of the execution to be issued under section 1252. Inasmuch as the execution under consideration, after directing the sheriff to satisfy the said judgment "out of all the right, title, and interest which the above-named defendant, Charles A. Coutant, had on the 19th day of March, 1908, the date of filing of your notice of levy with the clerk of the county of New York," describes that interest as "the interest of the judgment debtor, Charles A. Coutant, in the said premises, is an estate in fee simple," it complies with the rule as laid down in the case cited relative to specifying the judgment debtor's interest in the real property sought to be levied upon and sold, and therefore the first ground for vacating and setting aside the same is not well taken.

2. The second ground is also disposed of by the case of Garczynski v. Russell, supra, because in order to sustain that ground it would be necessary to invoke the provisions of section 1369 of the Code of Civil Procedure, and this case holds that this latter section does not apply where an execution is issued under section 1252. The language of section 1369 is:

"It must, except in a case where special provision is otherwise made by law, substantially require the sheriff to satisfy the judgment, out of personal property of the judgment debtor; and if sufficient personal property cannot be found, out of the real property, belonging to him, at the time when the judgment was docketed in the clerk's office of the county, or at any time thereafter."

In the case under consideration special provision is otherwise provided by law, viz., section 1252 of the Code of Civil Procedure. It therefore follows that the second ground is not well taken.

3. The third ground is answered by the provisions of section 1377 of the Code of Civil Procedure, which provides:

"After the lapse of five years from the entry of a final judgment, execution can be issued thereupon, in one of the following cases only: (1) Where an execution was issued thereupon within five years after the entry of the judgment, and has been returned wholly or partly unsatisfied or unexecuted."

It appears from the papers in this case that an execution was issued thereupon within five years after the entry of judgment, and was returned by the sheriff wholly unsatisfied, and I know of no limitation placed upon section 1377, and therefore the third ground is not available.

4. Prior to the enactment of section 1376 of the Code of Civil Procedure an execution could not be issued after the death of the judgment creditor. His personal representatives had to bring an action on the judgment. Wheeler v. Dakin, 12 How. Prac. 537. This rule has been changed by sections 1376 and 1377, which must be read together in order to give them full force and effect. The case of Atlas Refining Co. v. Smith, 52 App. Div. 109, 64 N. Y. Supp. 1044, cited by counsel for defendant, is not applicable to the case under consideration. There the judgment debtor had died, and the court decided it was necessary to apply for leave to issue an execution against the decedent's estate, as provided by sections 1379, 1380, and 1381 of the Code of Civil Procedure. In this case the execution is issued, not against the decedent's estate, but by a decedent's estate against a living person. I therefore hold that the fourth ground has not been sustained by defendant.

Motion is therefore denied.