RONDOUT NATIONAL BANK, Plaintiff, *v.* FRANK L. SHAPPEE et al., Defendants.

Supreme Court, Special Term, Rensselaer County, June 8, 1948.

*John M. Cashin* for plaintiff.

*Peter H. Harp* for Frank L. Shappee, defendant.

BOOKSTEIN, J. On April 19, 1935, there was docketed in the office of the County Clerk of Ulster County a judgment in favor of plaintiff and against the defendants in this action in the sum of $9,673.50. Prior to May 4, 1948, no execution had ever been

issued upon said judgment. On May 4, 1948, plaintiff caused to be issued an execution to the Sheriff of Ulster County pursuant to the provisions of section 512 of the Civil Practice Act and, in accordance therewith, the sheriff made a levy on certain real property of the defendant, Frank L. Shappee, and on the same day caused to be filed and recorded in the Ulster County Clerk's office the notice required by section 512 of the Civil Practice Act. The execution thus issued and the steps taken pursuant thereto were all done without complying with sections 651 and 652 of the Civil Practice Act, under which, after a lapse of five years from the entry of final judgment and where no execution has been issued thereupon within five years after the entry thereof, an execution may be issued only pursuant to an order made by the court granting leave to issue the same, upon notice to the adverse party and upon proof that the judgment remains wholly or partly unsatisfied.

Plaintiff now moves for such an order as is required by sections 651 and 652 of the Civil Practice Act, *nunc pro tunc*.

The defendant, Shappee, not only opposes the motion but makes a cross motion to vacate and cancel the execution and the notice filed pursuant thereto, on the ground that they failed to comply with section 512 of the Civil Practice Act, and plaintiff asks that the execution issued also be amended, *nunc pro tunc* to comply with said section 512.

Counsel have not been able to supply the court, nor has independent research discovered, any reported decision on the question of whether or not an execution issued pursuant to section 512 of the Civil Practice Act requires, as a prerequisite to its issuance, the order provided for in sections 651 and 652 of the Civil Practice Act.

This court is of the opinion, however, that the limited execution provided for in section 512 of the Civil Practice Act does not require, as a prerequisite to its issuance, the order provided for in sections 651 and 652 of the Civil Practice Act.

Section 643 of the Civil Practice Act sets forth the requisites of an execution against property. The execution issued under section 512 of the Civil Practice Act is entirely different from the one provided for in section 643. Indeed, if an execution, pursuant to section 512 of the Civil Practice Act were issued, in accordance with the requisites of section 643 of the Civil Practice Act, such an execution could be vacated because of its failure to comply with section 512 of the Civil Practice Act. (*Garczynski* v. *Russell,* 75 Hun 497.)

The usual and ordinary execution provided for in section 643 of the Civil Practice Act is dealt with in article 42 of that act, dealing with executions generally. Sections 651 and 652 of the Civil Practice Act dealing with the matter of obtaining permission to issue an execution are contained in the same article and refer to executions dealt with in that article, such as in section 643 of the Civil Practice Act and subsequent sections in the same article dealing with executions in various other cases. Section 512 of the Civil Practice Act on the other hand, is contained in article 35 of the Civil Practice Act, dealing with judgments and, if it were the legislative intention that the limitations contained in sections 641 and 642 of the Civil Practice Act, dealing with executions generally, were to apply to the special form of execution provided for in section 512, it would have been an easy matter to have so provided in section 512.

It seems to this court that this is even more emphatically so, since section 512 deals only with constituting judgments liens upon specific real property, after ten years from the date of entry of a judgment have expired. It seems clear that in the case of an execution of the character, and issued under the circumstances provided for in section 512 of the Civil Practice Act, it is not subject to the rule applicable to executions generally as provided for in sections 641 and 642 of the Civil Practice Act.

It would seem that only the usual forms of execution, dealt with in sections 643 et seq. of the Civil Practice Act are the ones that are subject to the regulations of sections 641 and 642 of that act and that the different form of execution, which is quite limited in scope, provided for by section 512 of the Civil Practice Act is not subject to the regulations provided for by sections 641 and 642 of the Civil Practice Act.

But even if this is erroneous, why is plaintiff not entitled to an order for the issuance of the execution, *nunc pro tunc,* as of the date of the actual issuance thereof, to wit, May 4, 1948? An execution issued after five years from the entry of judgment, when one has not been issued during the first five years since such entry, is not void but voidable only, in the discretion of the court from which it issued. (*Bank of Genesee* v. *Spencer,* 18 N. Y. 150; *Farmer* v. *Schneider,* 269 App. Div. 1043.)

Granting of an order permitting the issuance of an execution after five years from the date of entry of judgment, where one has not been issued during the first five years after the entry of judgment, is no longer discretionary. The right to such an order is absolute, upon proof to the court that the judgment has

not been paid or satisfied. (*Matter of Molnar,* 253 App. Div. 895.)

In this case there is no dispute as to the fact that the judgment is unpaid and unsatisfied.

On occasion, the court has refused to vacate an execution issued without the required order where it appears, in fact, that the judgment is unpaid and unsatisfied and an order permitting the issuance of an execution would have been granted in the first instance. (*Wade* v. *DeLeyer,* 8 Jones & Sp. 541, appeal dismissed 63 N. Y. 318; *Stanley Funding Corporation* v. *Kotcher,* 41 N. Y. S 2d 877.) Certainly if the court can refuse to vacate an execution, because issued without the required order, there would seem to be no logical reason why the court could not grant an order *nunc pro tunc* granting leave to issue an execution as of the date of the actual issuance of the execution, without the required order.

The defendant, on the other hand, contends that the court can not grant the order, *nunc pro tunc,* on the authority of *Hansee* v. *Fiero* (56 Hun 463). This court does not regard that case as sustaining such a contention. In that case what was being sought was an order that the execution issue, *nunc pro tunc,* as of a date several years earlier than the date of the actual issuance of the execution. To do that obviously might affect bona fide purchasers and creditors from the judgment debtor between the date as of which the applicant sought to have the execution issued *nunc pro tunc,* and the date of its actual issuance; hence the application was quite properly denied.

In the instant case, the application is not to have the execution effective from a date earlier than the date of its actual issuance, but merely that the order permitting issuance of the execution be as of the date when the execution was actually issued. In other words, on the record before this court, if an application had been made on May 4, 1948, for an order permitting the issuance of the execution, such order would have been granted as a matter of right and what plaintiff now seeks is merely an order, permitting the issuance of an execution, as of May 4, 1948, the date on which the execution was issued.

In view of the fact that plaintiff would have been entitled, as a matter of right to such an order of May 4, 1948, and in view of the doubt as to whether or not such an order is required under section 512 of the Civil Practice Act, it would seem to be an abuse of discretion not to grant the order permitting issuance of the execution, *nunc pro tunc,* as of May 4, 1948, and accordingly such motion is granted.

The defendant, Shappee, cross-moves to vacate the execution and cancel the notice filed by the sheriff pursuant thereto, on the ground that they fail to comply with the provisions of section 512 of the Civil Practice Act, in that they do not state what is the interest of the defendant in the real property to be levied upon and also that the notice fails to state from what date such levy is to be made. In that connection he asserts that there are two mortgages upon the property and several judgments less than ten years of age which are general liens thereon.

There is no requirement in section 512 that the notice filed should indicate from what date the levy is made. Section 512 provides: " * * * The judgment binds and becomes a charge upon the right and title thus levied upon of the judgment debtor * * * only from the time of recording and indexing the notice * * * ."

The notice filed and recorded under the hand and seal of the sheriff is dated May 4, 1948, and certifies that on that day, pursuant to an execution issued on May 4, 1948, he levied on certain real property of the defendant, Shappee. The notice was filed and recorded on May 4, 1948, at 1:30 P.M. Under the plain provisions of section 512, the judgment " binds and becomes a charge upon the right and title thus levied," from 1:30 P.M. on May 4, 1948. There is no requirement that that fact be inserted in the notice itself. In the nature of things the notice could not contain any such recital since in the case of an execution issued under section 512, the judgment does not become a lien on the real property levied upon, until the moment of the filing and recording of the notice that the levy had been made. Obviously the notice could not indicate any time from which the lien attaches since the notice must be filed and recorded before the lien does attach.

The failure of the notice to state what interest of the defendant was levied upon, presents a more serious question, since there is some authority to the effect that such a notice must contain such information. (*Floyd* v. *Clark,* 16 Daly 528; *Garczynski* v. *Russell,* 75 Hun 497, *supra; Guiterman* v. *Coutant,* 58 Misc. 359.)

The case of *Floyd* v. *Clark* (*supra*) is not an authority for the proposition advanced by defendant, Shappee. That case quite properly holds that where no notice, such as is required by section 512 of the Civil Practice Act is filed, the lien of the judgment does not attach, since the real estate is bound only from the time of the recording and indexing of the notice

therein provided for and no such notice was recorded in that case.

In *Garczynski* v. *Russell* (75 Hun 497, *supra*) the execution was defective because it did not direct the sale of the interest in the real property which the defendant had at the time when the execution was issued and the notice filed, to wit, April 14, 1893, but on the contrary, stated that the lien had attached September 17, 1881, the date of the judgment and directed the sheriff to levy upon and sell the property, belonging to the judgment debtor on that day, to wit, September 17, 1881, or at any time thereafter. In other words, in that case, plaintiff issued the ordinary execution against all personal and real property of the judgment debtor and required the sale of any interest which the judgment debtor had in such property, at the date when the judgment was entered, despite the fact that more than ten years had expired since the entry of the judgment and the general lien of the judgment on real property had expired. In that sense, the judgment creditor in his execution failed properly to describe the property to be sold, in that he did not limit the execution to definite real property which the sheriff had levied upon but issued a general execution applying to all property of the judgment debtor, real or personal, owned by the judgment debtor at the date of the entry of the judgment or subsequently acquired. It was in that sense that she failed properly to describe the proper interest of the judgment debtor which was to be sold under section 521 of the Civil Practice Act.

The case of *Guiterman* v. *Coutant* (58 Misc. 359, *supra*) is more troublesome. In that case, the notice filed by the sheriff did describe specific premises of the judgment debtor out of which it was proposed to satisfy the judgment pursuant to the execution issued under section 512 of the Civil Practice Act. The motion to vacate and set aside the execution and cancel and discharge the record of the notice filed, pursuant to section 512 of the Civil Practice Act, was based, among other grounds, upon the ground that said execution and said notice failed properly to specify the particular or specific interest of the judgment debtor in the real property sought to be levied upon and the court there said, at page 360, that the execution and notice were defective in that "Neither in said notice nor in the execution herein does there appear any reference to what 'right, title and interest' the defendant Coutant has in the real property sought to be levied upon, whether it is that of

owner of the fee, tenant in common, life tenant, lessee, mortgagee, etc.'' The court there held that, under section 1252 of the Code of Civil Procedure, now section 512 of the Civil Practice Act, the execution and notice should accurately and correctly describe the interest of the judgment debtor sought to be levied upon and advertised for sale.

Section 512 of the Civil Practice Act contains no requirement that either the execution or the notice should describe the nature or extent of the interest of the judgment debtor in the real property levied upon. It merely requires a notice, '' * * * describing the judgment, the execution, and the property levied upon; and, if the interest levied upon is that of an heir or devisee, specifying that fact and the name of the heir or devisee. * * * * .''

. In this case, the notice fully and adequately described the execution and the judgment and fully described the real property levied upon referring to it by the book and page in which was recorded the deed, by which title was vested in the judgment debtor, Shappee and, by reference to the record of that deed, a complete description of the real property, levied upon.

It is true that the notice does not expressly state the nature of the interest in said property of the judgment debtor, that is, whether '' that of owner of the fee, tenant in common, life tenant, lessee, mortgagee, etc.'', although it may be readily inferred from the notice filed that the interest of the judgment debtor, Shappee, is that of owner of the fee by reason of the reference to a deed from Pearl Shappee to the judgment debtor.

Be that as it may, section 512 of the Civil Practice Act contains no express requirement that the nature of the interest of the judgment debtor be set forth in the notice provided for in that section and there seems to be no valid reason for the addition of such a requirement to the section by judicial construction. In *Guiterman* v. *Coutant* (58 Misc. 359, 360, *supra*) the court assigned as its reason for holding to the contrary that '' Any other course of procedure would lead to confusion as to the rights of purchasers and other judgment creditors or lienors, would jeopardize the rights of persons interested in the land, provoke litigation, and render the title to the property sought to be sold doubtful and uncertain.''

This court is unable to agree with such a conclusion. A purchaser under an execution pursuant to section 512 can acquire only such rights as the judgment debtor had at the

moment when the judgment creditor's lien attached, that is, at the moment of the recording of the notice by the sheriff of the levy made by him pursuant to the execution. From that moment on, the lien of the judgment creditor is superior to any liens subsequently filed or recorded, whereas all liens against the property, filed or recorded prior to the filing of the notice, are paramount and superior to the lien of the judgment creditor. Hence, it is difficult to see how there could be any confusion or how the rights of any persons could be jeopardized, as a sale would be simply of the right, title and interest, whatever it may be, of the judgment debtor in the particular real property at the time of the filing by the sheriff of the notice required by section 512 of the Civil Practice Act. The only interest which section 512 of the Civil Practice Act requires to be specifically described is that of an heir or devisee, in which case the notice must specify that fact and the name of the heir or the devisee.

The execution issued in this case is also defective, within the rule of *Garczynski* v. *Russell* (*supra*) in that it is in the usual form of an execution rather than in the special and limited form required and authorized by section 512 of the Civil Practice Act. In other words, it is the usual form of execution against all property of the judgment debtor, personal or real. Accordingly on the authority of the case of *Garczynski* v. *Russell* (*supra*) defendant Shappee, might well be entitled to an order vacating and setting aside said execution.

Plaintiff, however, asks, in the interest of justice and equity that the execution be amended, corrected and limited as required by section 512 of the Civil Practice Act and as thus amended, " to retain its force to that extent " and cites as authority for granting such relief the case of *Burch* v. *Burch* (51 Misc. 232, revd. on other grounds, 116 App. Div. 865).

Judgment in this case was rendered April 19, 1935. On April 28, 1948, there was recorded in the Ulster County Clerk's Office a deed to defendant from his wife, dated July 24, 1933. Thus the deed to defendant, Shappee, was in existence nearly two years before the plaintiff recovered its judgment against him and it was held unrecorded until any lien of plaintiff's judgment against the property conveyed by such deed had expired, and thereafter it was recorded. Plaintiff proceeded under section 512, within a week after the recording of the deed, to have the lien of its judgment attach to such real property. Since the issuance of the execution and the filing of the notice

herein pursuant to section 512 of the Civil Practice Act, defendant Shappee, by deed dated and recorded in the Ulster County Clerk's Office on May 19, 1948, conveyed the aforesaid property to one Claude L. Needes. The unusual manner in which such deed was drawn indicates a hasty preparation thereof, as if it were done in a race against time, so as to eliminate the possibility of plaintiff's judgment attaching as a lien against the real property conveyed by same, upon the issuance of a new execution under section 512 of the Civil Practice Act, should the existing execution be vacated and set aside. Needes does not occupy the position of a purchaser in good faith, since the record in the Ulster County Clerk's Office discloses the existence of the execution and notice, which defendant Shappee seeks to have vacated on this motion.

Under all of the circumstances, it is in the interests of justice and equity that the motion of plaintiff should be granted and that of defendant Shappee denied.

Submit order accordingly.