J. Vincent Keogh, J.
This is a motion by the judgment debtor for an order vacating a levy made by the Sheriff of the City of New York on July 21, 1950. Pursuant to such levy the interest of the judgment debtor in and to certain real property at 722 Church Avenue, Brooklyn, New York, was sold at public auction for $500 on or about January 23, 1951, after the judgment debtor had' been denied stays in the United States District Court, Eastern District of New York, in the United States Court of Appeals for the Second Circuit and in this court. The judgment debtor argues that the levy made by the sheriff was defective for the reason that the notice of levy failed to state, in accordance with the provisions of section 512 of the Civil Practice Act, the fact that the judgment debtor was an “ heir or devisee ” and the owner of only a one-sixth interest in the real property levied.upon. This contention is untenable. *426 The expression “ heir or devisee ” as used in section 512 means the ‘ ‘ heir or devisee ’ ’ of the judgment debtor and not an heir or devisee in general. This is the purport of the language of the statute. The intent of the statute is to provide a mode by which a judgment creditor may proceed against the real property of a judgment debtor after the lapse of 10 years, to the end that the judgment creditor may bind and reach the property of the judgment debtor, and in case of his death, such property in the hands of his heir or devisee. It appears, therefore, that the interest of the present judgment debtor in the above-mentioned real property was not that of an “ heir or devisee ’ ’ within the meaning of section 512 of the Civil Practice Act and consequently it was not necessary to state his specific interest in the property in the notice of levy (Rondout Nat. Bank v. Shappee, 192 Misc. 727).
Accordingly, the judgment debtor’s application is denied.